IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | **SEALED** |
| v. | § | 6:17CR 11 |
| | § | |
| QUINTUS DEWAYNE SHAW (01) | § | JUDGE RC / JDL |
| JONATHAN LAVEL WILSON (02) | § | |

**INDICTMENT**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 15 2017

BY
DEPUTY_____

THE UNITED STATES GRAND JURY CHARGES:

<u>COUNT ONE</u>

Violation: 21 U.S.C. § 846 (Conspiracy to distribute and possess with intent to distribute cocaine base, also known as crack cocaine)

Beginning in or about March, 2016, at a date unknown to the Grand Jury, and continuing thereafter through the date of this indictment, in Gregg County, Texas, in the Eastern District of Texas, and elsewhere, **Quintus Dewayne Shaw** and **Jonathan Lavel Wilson**, Defendants herein, did knowingly and intentionally combine, conspire, confederate and agree together with each other and with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of the laws of

Indictment – Page 1

the United States, to wit, 21 U.S.C. § 841(a)(1) prohibiting possession with intent to distribute and distribution of cocaine base, a Schedule II controlled substance.

## OVERT ACTS

1. On or about March 16, 2016, at a residence associated with **Jonathan Lavel Wilson** on Birdsong Street in Longview, Texas, **Jonathan Lavel Wilson** distributed approximately 24 grams of crack cocaine to **Quintus Dewayne Shaw**. In City Park, a short distance away, **Quintus Dewayne Shaw** distributed the crack cocaine to another person.

2. On or about November 30, 2016, in a vehicle in Longview, Texas, **Quintus Dewayne Shaw** possessed a small quantity of marijuana and packaging baggies.

3. On or about January 12, 2017, at his residence on Aurel Street in Longview, Texas, **Quintus Dewayne Shaw** possessed hydrocodone tablets, Xanax tablets, Somas tablets, suspected synthetic cannabinoids, drug distribution paraphernalia, and a pistol.

All in violation of 21 U.S.C. § 846.

## COUNT TWO

> Violation: 21 U.S.C. §§ 841(a)(1) and 860(a) and 18 U.S.C. § 2 (Possession with intent to distribute cocaine base, also known as crack cocaine, near a playground and aiding and abetting)

On or about March 16, 2016, in Gregg County, Texas, in the Eastern District of Texas, **Quintus Dewayne Shaw** and **Jonathan Lavel Wilson**, Defendants herein, aided and abetted by one another, did knowingly, intentionally and unlawfully possess with intent to distribute and did distribute a quantity of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, within 1,000 feet of the real property comprising the City Park playground.

All in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and 18 U.S.C. § 2.

## COUNT THREE

Violation: 18 U.S.C. § 922(g)(1) (Felon in possession of a firearm)

On or about January 12, 2017, in Gregg County, Texas, in the Eastern District of Texas, **Quintus Dewayne Shaw**, Defendant herein, did knowingly and unlawfully possess a firearm, specifically:

an AMT, model Backup, .380 caliber pistol, bearing serial number DA28011; which firearm had been shipped in interstate commerce, and the Defendant possessed the firearm after having been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically the felony offenses of:

Possession of a Controlled Substance, in Gregg County, Texas, in 2011;

Possession of a Controlled Substance, in Gregg County, Texas, in 2012; and

Criminal Mischief and Evading Arrest in Gregg County, Texas, in 2013.

In violation of 18 U.S.C. § 922(g)(1).

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this Indictment, Defendants herein, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461 any property constituting, or derived from proceeds the person obtained directly or indirectly, as the result of such violation; and any and all personal property used or intended to be used to commit the offense, including but not limited to the following:

**Contraband**
Any and all controlled substances, including pills and synthetic drugs, by whatever name they are known, seized on or about January 12, 2017, whether or not tested by a law enforcement chemical lab

All items of drug paraphernalia seized on or about January 12, 2017

**Cash Proceeds**
$800 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Indictment.

**Firearm**
AMT, model Backup, .380 caliber pistol, bearing serial number DA28011, together with magazine

**Substitute Assets**
If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the defendant –

      (a)    cannot be located upon the exercise of due diligence;
      (b)    has been transferred or sold to, or deposited with a third person;

# NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this Indictment, Defendants herein, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461 any property constituting, or derived from proceeds the person obtained directly or indirectly, as the result of such violation; and any and all personal property used or intended to be used to commit the offense, including but not limited to the following:

**Contraband**
Any and all controlled substances, including pills and synthetic drugs, by whatever name they are known, seized on or about January 12, 2017, whether or not tested by a law enforcement chemical lab

All items of drug paraphernalia seized on or about January 12, 2017

**Cash Proceeds**
$800 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the foregoing offenses alleged in this Indictment.

**Firearm**
AMT, model Backup, .380 caliber pistol, bearing serial number DA28011, together with magazine

**Substitute Assets**
If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the defendant –

    (a)    cannot be located upon the exercise of due diligence;
    (b)    has been transferred or sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal, owned by defendant.

By virtue of the commission of the offenses alleged in this Indictment, any and all interest the Defendants have in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, and 28 U.S.C. § 2461.

A TRUE BILL,

Date: 2/15/17

FOREPERSON OF THE GRAND JURY

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

MARY ANN COZBY
ASSISTANT U.S. ATTORNEY

Indictment – Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § | **SEALED** |
| v. | | 6:17CR___ |
| QUINTUS DEWAYNE SHAW (01)<br>JONATHAN LAVEL WILSON (02) | | JUDGE _____ |

## NOTICE OF PENALTY

### COUNTS ONE and TWO

Violation:   21 U.S.C. §§ 841(a)(1), 846, and 860(a)

Penalty:   Not more than 20 years imprisonment, a fine not to exceed $1,000,000, or both, and supervised release of at least 3 years.

If this violation was committed after a prior conviction for a felony drug offense has become final, not more than 30 years imprisonment, a fine of up to $2,000,000, or both – supervised release of at least 6 years.

If this offense was committed in violation of 21 § 860(a), not less than one year nor more than 30 years imprisonment, a fine of up to $2,000,000, or both – supervised release of at least 6 years.

Special Assessment:   $100.00

Indictment – Page 7

## COUNT THREE

| | |
|---|---|
| Violation: | 18 U.S.C. § 922(g)(1) |
| Penalty: | Imprisonment for not more than 10 years, a fine not to exceed $250,000, or both, and supervised release of not more than 3 years. |
| Special Assessment: | $100.00 |